IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| BRUCE DARNELL DOTSON II, #76657 | § | |
| VS. | § | CIVIL ACTION NO. 4:06cv422 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Petitioner Bruce Darnell Dotson II, an inmate confined in the Grayson County Jail, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned pursuant to 28 U.S.C. § 636( c).

Background

The Petitioner is complaining about his Grayson County charge for aggravated robbery and failure to register as a sex offender. It appears that Petitioner was arrested in April 2006 and he lists his current address as the Grayson County Jail. While he fails to state in his petition that he has yet to be convicted, Petitioner denies appealing to the intermediate appellate court, filing a petition for discretionary review, or filing a writ pursuant to Texas Code of Criminal Procedure article 11.07.

The present petition for a writ of habeas corpus was filed on October 13, 2006. Petitioner specified that he placed the petition in the prison mailing system on October 9, 2006. The petition

is deemed filed on October 9, 2006, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner alleged that he is entitled to relief because his confession was coerced, he was denied effective assistance of counsel, his bail is excessive, and he was unlawfully arrested and assaulted by police officers.

## Exhaustion of State Remedies

Section 2254 does not allow a petitioner to file a petition for writ of habeas corpus unless he is "in custody" and has exhausted his available state remedies. 28 U.S.C. § 2254(b)(1). A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993).

In contrast, the terms of Section 2241(c)(3), which empower district courts to issue a writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), case law has developed, holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that

jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). This exhaustion doctrine was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See id.* at 225. The United States Supreme Court determined that, absent "special circumstances," a pretrial detainee may not adjudicate the merits of an affirmative defense to a state criminal charge before a judgment of conviction has been entered by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

In the present case, Petitioner has not exhausted his state remedies nor has he shown "special circumstances." Consequently, the petition should be dismissed for failure to exhaust.

As a final matter, the Court issued a Report and Recommendation in this case that is essentially identical to the Memorandum Opinion. Petitioner filed objections. Having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the Report and Recommendation was correct and the objections of the Petitioner are without merit; accordingly, they are overruled. After reviewing and overruling the objections filed by Petitioner, the Report is being incorporated into the present Memorandum Opinion. It is accordingly

      **ORDERED** that Petitioner's objections are **OVERRULED**. It is further

**ORDERED** that the above-styled petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED** without prejudice.  It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 29th day of March, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE